IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Emilio Lineras, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | 1:10cv324 (JCC) |
| Inspiration Plumbing LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion for Collective Action Status. [Dkt. 20.] For the following reasons, the Court will grant the Motion.

**I.   Background**

Plaintiffs are former laborers of Defendants and are suing for failure to pay overtime in violation of the Fair Labor Standards Act. They seek to have their claim recognized as a collective action so that notice may issue to similarly situated individuals who may join the case. Plaintiffs filed their initial Complaint on April 2, 2010. [Dkt. 1.] Plaintiffs moved for collective action status on August 9, 2010 ("Mot."). [Dkts. 20, 21.] Defendants responded in opposition on August 23, 2010 ("Opp."). [Dkt. 24.] And Plaintiffs filed their reply on

August 26, 2010 ("Reply"). [Dkt. 25.] Plaintiffs' motion is before the Court.

## II. Standard of Review

The FLSA permits a plaintiff to file suit "for and on behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Such "collective actions" are intended to efficiently resolve FLSA claims and to lower cost barriers to deserving claims through pooling of resources. *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008). Certification as a collective action permits additional persons to "opt-in" as plaintiffs by filing written consents with the Court. *Id.* Because the statute of limitations (two years, or, if the violation was "willful," three years) continues to run until such plaintiffs file their written consents, courts are permitted to certify a collective action early on in a proceeding, "typically before any significant discovery, upon an initial showing that the members of the class are similarly situated." *Id.*

In determining whether class members are similarly situated, the Court looks for "sufficient evidence to reasonably determine" that the potential plaintiffs are "similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined." *Id.* This initial inquiry proceeds under a "fairly lenient standard" and requires only "minimal

2

evidence." *Id.* Still, there must be sufficient reason to believe that common central issues exist within the class that can be substantially adjudicated without getting bogged down in by individual differences among class members. *Id.* at 832. As such, the requirements for certification of collective action status under the FLSA are similar, but not identical, to those that pertain to certification of a class under Federal Rule of Civil Procedure 23. *Id.*

Where collective status is deemed warranted, courts may facilitate notice to potential class members, through, for instance, discovery of names and addresses of potential plaintiffs. *Id.* Ultimately, "[t]he plaintiff has the burden on demonstrating that notice is appropriate." *Id.* (internal quotation marks omitted).

After potential plaintiffs opt-in and usually when discovery is nearly complete, a defendant may file a motion for decertification. *Id.* Here courts essentially repeat the "similarly situated" analysis, and upon determining that the plaintiffs are not sufficiently "similarly situated," the collective action is decertified and the original plaintiffs pursue their individual claims. *Id.*

### III. Analysis

Plaintiffs move for conditional certification of a class consisting of Defendants' former employees who were

3

deprived of overtime wages.  Plaintiffs assert that they and other laborers of Defendants were not paid overtime wages for all hours worked over 40 in a work week.  (Mot. at 3.)  Plaintiffs further assert that numerous other employees were subjected to the same pay practices.  *Id.*  And Plaintiffs claim that Defendants failed to properly disclose to Plaintiffs and other laborers their FLSA rights, as required by the FLSA.  *Id.* at 4.

This Court finds Plaintiffs' allegations sufficient to justify conditional class certification.  The allegations show minimal differences between the Plaintiffs, whose legal and factual claims are nearly identical.  According to their statements, Plaintiffs were all laborers for Defendant during roughly the same time period, all did essentially the same work, and all experienced the same violations: unpaid overtime and undisclosed FLSA rights.  These allegations, if true, show Plaintiffs to be at least as similarly situated as those in *Houston*, who also held the same job, performed the same duties, and were not paid overtime.  591 F. Supp. 2d at 832.

Defendants argue in response that Plaintiffs lack sufficient first-hand knowledge supporting their allegations.  Specifically, Defendants first argue that the Plaintiffs' knowledge is limited to how *they* were paid during the period of their employment.  (Opp. at 2.)  Plaintiffs' statements indicate

otherwise; each Plaintiff testified to having first-hand personal knowledge that other employees were also not paid overtime during that period. (Mot. Ex. 1 ¶¶ 6, 7, 8 (Affidavit of Mariano Campos); Ex. 2 (Affidavit of Israel Henriquez); Ex. 3 ¶ 4 (Affidavit of Emelio Linares).)

Defendants additionally cite a Department of Labor audit of Inspiration's overtime practices, arguing that that audit would have caught any violations that might have occurred during the relevant time period. (Opp. at 3.) Perhaps so, but it is telling as to the possible existence of similarly situated persons that nine actual violations were found, and that none involved the plaintiffs. *See id.*

Defendants also claim that Plaintiff Linares provides no basis for claiming that Defendant Inspiration continues to provide no overtime wages and that Linares's knowledge is limited to the time period in which he worked for Defendants. *Id.* Again, Linares's statement indicates otherwise. He testifies to having *personal knowledge* that "Defendants continue not to pay overtime wages," and that "[c]urrent employees are afraid to complain out of fear of losing their jobs." (Mot. Ex. 3 ¶ 5.) His statement may prove inaccurate, but its basis is his alleged personal knowledge.

In short, based upon the allegations submitted thus far, it appears the legal and factual similarities between

5

Plaintiffs themselves, and between Plaintiffs and potential plaintiffs, greatly outweigh any differences they may have. If class certification and discovery prove otherwise, Defendants may move to decertify the class. For now, however, the evidence is sufficient to proceed.

## IV. Conclusion

This Court will therefore grant the Plaintiffs' motion.

September 23, 2010  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE