IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

EMILIO LINERAS, *et al.*,      )
                               )
     Plaintiffs,               )
                               )
          v.                   )
                               )     1:10cv324 (JCC)
INSPIRATION PLUMBING LLC,      )
*et al.*,                      )
                               )
     Defendants.               )


**M E M O R A N D U M   O P I N I O N**


This matter is before the Court on the parties'
motions regarding proper collective action notice.  [Dkts. 41,
47, 48.]  Plaintiffs are former laborers of Defendants and are
suing for failure to pay overtime in violation of the Fair Labor
Standards Act.  They seek to issue notice to similarly situated
individuals who may join the suit.  Plaintiffs filed their
initial Complaint on April 2, 2010.  [Dkt. 1.]  Plaintiffs moved
for provisional collective action status on August 9, 2010.
[Dkts. 20, 21.]  This Court granted that motion on September 23,
2010.  [Dkt. 37.]  The parties then filed motions on October 4,
2010 [Dkts. 41, 47], regarding the proper notice to issue to
similarly situated individuals ("P Notice Mot." and "D Notice
Mot.," respectively).  Plaintiffs further moved to modify the

case schedule for good cause on October 4, 2010 [Dkts. 43, 44]

("P Discovery Mot."), Defendants opposed on October 14, 2010

[Dkt. 55] ("D Discovery Mot.").  All four motions are before the

Court.

## I.    Analysis

The FLSA permits a plaintiff to file suit "for and on

behalf of himself . . . and other employees similarly situated."

29 U.S.C. § 216(b).  Such "collective actions" are intended to

efficiently resolve FLSA claims and to lower cost barriers to

deserving claims through pooling of resources.  *Houston v. URS

Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008).  Certification

as a collective action permits additional persons to "opt-in" as

plaintiffs by filing written consents with the Court.  *Id.*

Where collective status is deemed warranted, courts may

facilitate notice to potential class members, through, for

instance, discovery of names and addresses of potential

plaintiffs.  *Id.* Ultimately, "[t]he plaintiff has the burden on

demonstrating that notice is appropriate."  *Id.* (internal

quotation marks omitted).

There appear to be several areas of disagreement with

regard to the opt-in notice: (1) the length of the opt-in period

(30 or 60 days), (2) the procedure for returning opt-in consent

forms (to Plaintiffs' counsel or directly to the Court), (3)

Spanish translation of the opt-in notice, (4) consent form

language pertaining to "pay-offs," (5) language as to

plaintiffs' fee agreement, and (6) the form of the notice itself

to be used.  The Court will address each issue in turn.

A.    Opt-in and Discovery Periods

Defendants argue for a 30-day opt-in period with a 15-

day extension to the discovery cut-off (currently November 12,

2010), while Plaintiffs seek a 60-day opt-in period with

discovery ending 60 days after that period expires.  Because

less than 30 days remain before November 12, the current

discovery cut-off, the cut-off date must be moved.  The

questions, then, are how long the opt-in period should be, and

how long discovery should be extended from the expiration of

that period.

Regarding the length of the opt-in period, Plaintiffs

cite a number of cases with longer opt-in periods than 60 days,

and argue that because the potential opt-ins are Hispanic and

unfamiliar with the American judicial system, 60 days are needed

to reach possible opt-ins whose notices are returned as

"undeliverable."  (P. Notice Mem. at 2.) Defendants' opposition

is largely obviated by the fact that less than 30 days remain

before the discovery cut-off.  This Court therefore sees no

reason not to permit a 60-day opt-in period in this case.

Regarding the discovery cut-off, Plaintiffs seek an

additional 60 days from the close of the opt-in period "so that

opt-in class members have an opportunity to join the case and to prove their claims for owed overtime, liquidated damages, and the tolling of the limitations period." (P Discovery Mot. at 1.) Defendants meanwhile point out that, were this Court to adopt Plaintiffs' request in addition to Plaintiffs' proposed 60-day opt-in period, it would effectively extend discovery by 120 days. (D Discovery Mot. at 3.) Defendants suggest a 15-day extension as an alternative. *Id.* at 4.

Federal Rule of Civil Procedure 16(b)(4) permits a schedule to be modified for good cause and with the judge's consent. "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." *Richardson v. United States*, No. 5:08cv620, 2010 WL 3855193, at *3 (E.D.N.C. Sept. 30, 2010).

Because Defendants have "stated unequivocally that names and addresses [of any potentially eligible employees] will be provided once the Court approves the form and method of notice," (D. Notice Mot. at 3 ¶ 5), and because Plaintiffs appear to be pursuing discovery diligently, this Court believes that 30-day extension following the opt-in period will provide adequate time for discovery.

B.    Procedure for Returning Consent Forms

The parties next dispute whether consent forms should be returned to the Court or to Plaintiffs' counsel, and whether the forms should be returnable by fax, email, or U.S. Mail, or by U.S. Mail alone.

Plaintiffs seek to have the forms returned to Plaintiffs' counsel whereas Defendants argue that the Court is the proper recipient.  Defendants argue that sending the forms to Plaintiffs' counsel will create needless complications and confusion as to the official date the consents are filed.  (D. Notice Mot. at 2-3.)  The Court is less concerned about potential confusion resulting from sending the forms to one address versus another, than it is about the possibility that potential plaintiffs will be penalized by the continued running of the limitations period during the time it takes to file their consent forms with the Court.  A collective action commences when plaintiffs' written consents are "filed *in the court*."  29 U.S.C. § 256(b) (emphasis added).  The language of the statute resolves any doubt as to the date that will apply: it is the date the consents are filed with the Court.  *Lee v. Vance Executive Protection, Inc.*, 7 F. App'x 160, 167 (4th Cir. 2001).

Time will be lost if potential plaintiffs first send their consent forms to Plaintiffs' counsel who later file them with the Court, thus potentially penalizing those plaintiffs

from full vindication of their claims by limiting (albeit by

days) the scope of their potential claims.  The Court will

therefore adopt Defendants' recommendation that the consents be

returned directly to the Clerk of the Court.  As such, original

signed copies of the forms must be returned to the Court by U.S.

Mail.  With respect to this last point, the Court notes that

Plaintiffs seek to include a self-addressed postage paid

envelope with the collective action notice, and will permit

inclusion of that envelope.[1]

   C. Spanish Translation of the Notice

    Plaintiffs seek to include both English and Spanish

versions of the opt-in notice and consent forms, and claim that

Defendants object to the Spanish translation.  (P. Notice Mot.

at 3.)  The Court sees no objection in Defendants' briefs to a

Spanish translation, and will permit the translation regardless,

as the potential plaintiffs in this case are likely to be more

fluent in Spanish.

   D. Reference to Pay-offs

    Plaintiffs wish to include the following language in

the opt-in notice: "You can still join this suit, even though

---

[1] Plaintiffs also wish to stamp the envelope containing the notice and consent forms in English and Spanish: "IMPORTANT COURT-ORDERED NOTICE REGARDING YOUR OVERTIME WAGES."  (P. Notice Mot. at 5.)  And Plaintiffs wish to be permitted to communicate with possible opt-ins whose notices are returned as undeliverable.  *Id.* at 6.  Absent objection from Defendants, this Court will permit the envelopes to be stamped in that manner, and will permit the requested communications.

Inspiration Plumbing and/or Mr. Rude have paid you some amount

of wages for past overtime work."  Plaintiffs argue this

statement is necessary because although Defendants have paid

some potential plaintiffs for some past overtime, those

potential plaintiffs may be entitled to additional payments

including liquidated damages.  (P. Notice Mot. at 3-4.)

Defendants argue that the language is unnecessary under the

language of their proposed notice.  Because, as explained in

Part F, the Court adopts Plaintiffs' proposed notice form, and

because the proposed language in no way prejudices Defendants or

misleads potential plaintiffs, this Court will permit the

language to be inserted.

        E.    <u>Fee Agreement Language</u>

Defendants object to the following language in

Plaintiffs' proposed notice: "If [sic] agree to be represented

by Plaintiffs' counsel, then you agree to the fee agreement (a

copy of which is available from Plaintiffs' counsel)."

Defendants argue that this essentially asks potential plaintiffs

to agree to an undisclosed fee agreement.  Defendants provide no

case law support for this argument, and Plaintiffs do not

address it at all.

The Court agrees that more information as to the fee

agreement should be provided.  Responding to the same concerns

in *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317,

324 (S.D.N.Y. 2007), and noting that "the fee structure may

impact on "opt-in" Plaintiff[s'] recovery," the court required

that the notice provision "include a statement informing 'opt-

in' Plaintiff[s'] of any arrangements regarding attorneys'' fees

and costs that they might be entering."  This Court sees no

reason why the contingency fee percentage should not be

disclosed, as that percentage will better inform potential

plaintiffs in their choice of whether to opt-in.  The

contingency fee percentage should therefore be added to the

notice.

> F.   Notice Form

Finally, both parties have submitted proposed consent

forms, both of which resemble forms used in past cases in the

Eastern District of Virginia.  While Defendants have raised

objections to narrow portions of Plaintiffs' proposed notice,

Defendants have not shown that proposed notice to be

unsatisfactory as a whole.  This Court therefore finds

Plaintiff's consent form sufficient and approves its use,

provided that the form is adjusted to conform with the remainder

of this Opinion.


|  | /s/ |
| --- | --- |
| November 3, 2010 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |